IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LORENZO HAWES, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| UNNAMED DEFENDANT, | : | CIVIL ACTION NO. |
|    Defendant. | : | 1:14-CV-1358-TWT-JFK |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Plaintiff, Lorenzo Hawes, confined in Georgia State Prison in Reidsville, Georgia, has submitted a *pro se* letter/complaint. (Doc. 1). For the reasons discussed below, Plaintiff is **GRANTED** *in forma pauperis* status and it is **RECOMMENDED** that this action be **DISMISSED** as frivolous.

Plaintiff is confined in Georgia State Prison, which is in Tattnall County, within the Southern District of Georgia. Plaintiff names no Defendant but appears to seek relief from the Georgia Department of Corrections generally, whose headquarters are located in Forsyth, Georgia, in the Gainesville Division of this Court. Normally the Court would consider a transfer, if it were in the interest of justice. See 28 U.S.C. §§ 1404(a), 1406(a). However, it is not in the interest of justice to transfer this action, which is factually frivolous under 28 U.S.C. § 1915A.

**I.     Discussion**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  A complaint that does not pass the standard in § 1915A "shall" be dismissed.  28 U.S.C. § 1915A(b).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  A claim is frivolous when it "lacks an arguable basis either in law or in fact."  Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)) (internal quotation marks omitted); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations).

Plaintiff asserts that another prisoner, Lorenzo Dexter Lindsey, who is located in another facility, is "holding" Plaintiff on a cell phone that Lindsey stole from the "feds" and is inside Plaintiff's thoughts and brain, thereby trying to kill Plaintiff.  (Doc. 1).  Plaintiff asserts that someone needs to find the phone and suggests various methods that could be used to do so.  (Id.).

2

The undersigned finds that Plaintiff's allegations are factually frivolous and that dismissal is warranted. See Denton, 504 U.S. at 32-33 ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' . . . a category encompassing allegations that are 'fanciful,' . . . 'fantastic,' . . . and 'delusional,' . . . . As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." (citations omitted)); Gary v. U.S. Gov't, 540 F. App'x 916, 916 (11th Cir. 2013) (affirming frivolity dismissal of claims that government officials had implanted microchips into the plaintiff's body that caused tumors and tissue damage); Lotton v. United States, Civil No. 11-258-ART, 2012 WL 2370446, at *4 (E.D. Ky. June 21, 2012) (listing cases that have "upheld the dismissal of claims based on mind control because mind control is not plausible given the human race's current technological capabilities").

3

## II.     Conclusion

**IT IS ORDERED** that, for the purpose of dismissal, Plaintiff is **GRANTED** *in forma pauperis* status.

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** as frivolous.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO DIRECTED and RECOMMENDED** this 19th day of May, 2014.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE